*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1518**

Alex Michael Bistodeau, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed July 21, 2014
Reversed
Reilly, Judge**

Stearns County District Court
File No. 73-CV-12-11703

Brian N. Steele, Steele Law Offices, PLLC, Minnetonka, Minnesota (for respondent)

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**REILLY**, Judge

Appellant commissioner of public safety appeals the district court's rescission of respondent Alex Michael Bistodeau's driver's license revocation. On appeal, the commissioner argues that the district court erred when it concluded that Bistodeau's consent to a breath test was not voluntary. Bistodeau waived his right to file a brief in

this appeal.  Because the record demonstrates that Bistodeau voluntarily consented to the breath test, we reverse.

## FACTS

Although the record is sparse, the facts are undisputed.  On December 7, 2012, a St. Cloud police officer arrested Bistodeau for driving while impaired.  The police initially came into contact with Bistodeau because of an accident.  Bistodeau admitted he was drinking, and operating or in physical control of the car.  The officer had probable cause to believe Bistodeau was under the influence because of the odor of alcoholic beverage, bloodshot eyes, poor balance, and admission.  The officer read Bistodeau the Minnesota motor vehicle implied-consent advisory, which informed him that Minnesota law required that he take a test to determine if he was under the influence of alcohol, that refusal to take a test was a crime, and that he had a right to consult with counsel before making a decision about taking the test.  Bistodeau declined the opportunity to consult with counsel and agreed to take a breath test.  The officer administered a breath test around 10:00 p.m., and the test revealed an alcohol concentration of .13.  The officer did not obtain a search warrant before administering the breath test.  Based on the results of the breath test, the commissioner subsequently revoked Bistodeau's driver's license and impounded his license plates.

Bistodeau moved the district court to rescind the revocation, arguing that under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), the search of his breath was not within a per se exception to the warrant requirement and that the commissioner did not prove either exigent circumstances or valid consent to the search.  At the May 14, 2013

2

implied-consent hearing, both parties stipulated to the facts and entered two exhibits into evidence. The parties waived all issues but the *McNeely* issue. The district court rescinded the revocation, concluding that no exigent circumstances exception to the warrant requirement existed and that Bistodeau's consent to the breath test was coerced. The commissioner appeals.

## DECISION

The United States and Minnesota Constitutions guarantee the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. A breath test is a search. *Skinner v. Ry. Labor Execs. Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989). In reviewing the constitutionality of a search, "we independently analyze the undisputed facts to determine whether evidence resulting from the search should be suppressed." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004). Warrantless searches are unreasonable unless the state proves that an exception to the warrant requirement applies. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007).

Consent is an exception to the warrant requirement. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). For the consent exception to apply, the state "must show by a preponderance of the evidence that the defendant freely and voluntarily consented." *Id.* Whether consent is voluntary must be determined on a case-by-case basis and requires an examination of the totality of the circumstances. *State v. Lemert*, 843 N.W.2d 227, 233 (Minn. 2014) (citing *McNeely*, 133 S. Ct. at 1536). In determining whether consent is voluntary, this court considers the totality of the

3

circumstances, "including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Brooks*, 838 N.W.2d at 569.

In the implied-consent context, the nature of the encounter includes why police suspected that the driver was driving under the influence, how the police requested submission to the chemical testing, whether the driver was read the implied-consent advisory, and whether the driver had the opportunity to consult with an attorney. *Id.* The district court, which issued its order before the supreme court's opinion in *Brooks*, ruled that because the implied-consent advisory informed Bistodeau that the state criminalized the refusal to submit to testing, respondent's consent to chemical testing was coerced. But the supreme court in *Brooks* stated that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id.* at 570.

Here, Bistodeau does not challenge the probable cause to arrest him for driving while intoxicated. It is uncontested that the officer complied with the implied-consent advisory requirements. The officer read Bistodeau the implied-consent advisory and asked him whether he wished to consult with an attorney. Bistodeau declined to do so. The officer then asked Bistodeau whether he would take a breath test, and he agreed to the test. Furthermore, there is nothing in the record to suggest that Bistodeau was subject to repeated police questioning or prolonged custody.

Overall, this record indicates that Bistodeau voluntarily consented to the breath test. Most significant, the only basis for the district court's finding of coercion was its legal determination that the weight of the implied-consent advisory is coercive—a

4

determination that the supreme court foreclosed in *Brooks*. Although the record is limited due to the parties' stipulations at the implied-consent hearing, there is enough undisputed evidence in the record such that remand is not warranted. Because Bistodeau's consent justified the warrantless search, the district court's rescission of Bistodeau's driver's license revocation was in error.

The commissioner also raises additional arguments regarding Minnesota's implied-consent laws, the reasonableness of the search, and the application of the exclusionary rule. Because the consent exception to the warrant requirement applies to the collection of Bistodeau's breath sample, it is not necessary to consider these additional arguments.

**Reversed.**